THE PEOPLE *ex rel.* Kochersperger, County Collector,

*v.*

ISAAC COOK, Jr.

*Opinion filed June 17, 1899.*

SPECIAL ASSESSMENTS—*city cannot arbitrarily subdivide property for the purpose of assessment.* A special assessment ordinance which attempts to arbitrarily divide an unsubdivided tract of land into small parcels, for the purpose of assessing each parcel for the cost of a drain to be placed therein, is void. (*Warren* v. *City of Chicago,* 118 Ill. 329, and *Cram* v. *City of Chicago,* 139 id. 265, followed.)

| | |
|---|---|
| 180 | 341 |
| 185 | 285 |
| 180 | 341 |
| 188 | 161 |
| 180 | 341 |
| d195 | 202 |
| j195 | 203 |

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an application, made at the July term, 1898, of the county court of Cook county for judgment and order of sale by the county collector of that county against lands delinquent for the non-payment of taxes and special assessments. The appellee appeared, and filed objections to the entering of judgment and to the ordering of sale against his property, which objections were sustained, and the judgment and order of sale were refused

by the county court. The present appeal is prosecuted
to reverse such judgment.

The judgment and order of sale are asked for, in order
to make the amount of a certain judgment of confirma-
tion, entered, in a certain assessment proceeding, in April,
1897, against the property of appellee. The petition for
the levy of the assessment against the property was filed
in the county court on January 16, 1897. Section 2 of the
ordinance, lying at the basis of the assessment proceed-
ing, is as follows: "That a drain of six inches internal di-
ameter of the best quality of vitrified tile-pipe of the city
of Chicago standard pattern be, and is hereby ordered,
laid from each of the lots and parcels of land hereinafter
described, abutting on Colorado avenue, from South For-
tieth avenue to South Forty-eighth avenue, in said city,
to connect with a public main sewer in Colorado avenue,
in front of or adjoining such lot or parcel of land." The
ordinance then describes forty-four separate parcels of
ground, in each of which a drain is to be laid connecting
with the main sewer.

CHARLES S. THORNTON, Corporation Counsel, and JOHN
A. MAY, for appellant.

WILLIAM J. DONLIN, and CHARLES T. MASON, for ap-
pellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the
court:

In the present case, the property specially assessed
was a tract of land, which was unsubdivided. The or-
dinance attempts to subdivide this tract of land, thus
legally unsubdivided, into parcels for the purpose of
placing in each parcel a drain. The attempt is made to
arbitrarily subdivide the property into parcels of land,
each about twenty-five feet in width, for the purpose of
the assessment, and for no other purpose. Property must
be specially assessed under its known legal description.

An ordinance, which arbitrarily subdivides property for the purpose of assessing the same, is illegal and void. The owner of property cannot be compelled to subdivide his land into twenty-five feet strips fronting upon a street. The owner has a right to subdivide his land in such a way, as he sees fit. He may use his own pleasure and best judgment in subdividing it, so that it will produce to him the best revenue. A municipality cannot dictate to the owner how he shall subdivide his land. An ordinance, which thus attempts to place drains into unsubdivided property at each twenty-five feet of ground, is without warrant in the law.

In *Warren* v. *City of Chicago*, 118 Ill. 329, where there were certain vacant lots, having a frontage of forty-five feet abutting upon a street, in which lateral service pipes were proposed to be laid, in order to connect the water main with adjacent property, and where the city authorities, for the purpose of assessment for the improvement, made an equal subdivision of these lots, proposing to lay a service pipe to each half lot, and a special assessment was levied upon the property accordingly,—that is, for one service pipe upon each half lot, being for two service pipes upon each whole lot,—we said (p. 333): "Conceding the power to make the assessment, we are clearly of opinion that the scheme adopted, so far as appellant's property is concerned, was unauthorized and void. * * * The only shadow of justification which is shown for this discrimination against appellant, is the arbitrary subdivision made of his lots for the purposes of the assessment, which was done without any authority, either in law or fact. There is no pretense it was done with the sanction of appellant, or that the property was ever theretofore known or designated, as it is described in the assessment proceeding."

Section 2 of the ordinance in the case at bar is almost exactly the same, as section 1 of an ordinance for water service pipes, set forth in *Cram* v. *City of Chicago*, 139 Ill.

344 THE PEOPLE v. COOK. [180 Ill.

265; and the ordinance in *Cram* v. *City of Chicago, supra,* was held to be invalid. In the latter case, the property assessed consisted of certain unsubdivided blocks, which had not been platted or divided by the owners into lots, but the city, in making the assessment, undertook to make a division. There was a series of descriptions contained in the ordinance for drain pipes, subdividing the property into strips of twenty-five and one hundred feet deep, each as therein shown. Each of these strips was assessed a certain sum. We there held that, in an ordinance of this kind, there cannot be a merely arbitrary description, but the description must be of the lot or tract of land, as it is legally known and designated. We there said (p. 268): "An arbitrary description, or one having no foundation in fact, could never have been contemplated. The property fronting on Root street was divided into blocks, and, in making the assessment, the city had no authority to subdivide these blocks into strips of twenty-five feet, and make the assessment on the property according to that description; but, on the other hand, if the city desired to assess the property, it should have proceeded against the property as it was known and legally described. The question is not a new one in this court. The same question arose in *Warren* v. *City of Chicago,* 118 Ill. 329, and a similar assessment was condemned." (See, also, *People* v. *Clifford,* 166 Ill. 165).

As the ordinance in this case is of the same character, as the ordinance which we condemned in *Warren* v. *City of Chicago, supra,* and in *Cram* v. *City of Chicago, supra,* we must hold, that the court below committed no error in sustaining the objection, made by the appellee, that the ordinance, upon which the assessment is based, made a purely arbitrary subdivision of his property.

Accordingly, the judgment of the county court, sustaining the objection of the appellee, and refusing judgment and order of sale, is affirmed.

*Judgment affirmed.*