HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 19, 1901.*

1. SPECIAL ASSESSMENTS—*when sewer ordinance is void for failure of description.* An ordinance for a sewer is void which fixes the starting point of such sewer at the connection with another sewer in a certain cross-street, whereas it appears from the ordinance itself that the sewer on such cross-street stops at a point a block away from the point of connection specified.

2. SAME—*city cannot arbitrarily provide for putting in house connection slants.* A city has no power to provide that "house connection slants" be placed on both sides of a sewer opposite each twenty feet of lot frontage, where the property affected is divided into lots having a greater frontage than twenty feet.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is a special assessment proceeding to pay the cost of a connected system of sewers in the city of Chicago. The ordinance, providing for such connected system of sewers, was passed by the city council on November 2, 1891. Petition was filed in the county court of Cook county on November 25, 1891, to which was attached a certified copy of the ordinance, alleging that the commissioners, appointed by the common council to make an estimate of the cost of the improvement contemplated by the ordinance, theretofore on November 9, 1891, made a report to the council, (which was afterwards approved by it), estimating the cost at $14,406.65, the copy of the report being annexed to the petition and made a part thereof. The petition prayed for an assessment of the cost of the improvement in the manner prescribed by law. An order was made by the court on November 25, 1891, appointing commissioners to make the assessment. The assessment roll was filed on January 28, 1892. On February 8, 1892, the plaintiff in error entered his appearance,

and filed his objections to the confirmation of the special assessment. On May 27, 1892, hearing upon the objections of the plaintiff in error was passed, and it was ordered that the cause proceed, and a jury come. On May 28, 1892, the jury returned their verdict, finding the issues for the petitioner, the city of Chicago, and that the property of the objector was not assessed more or less than it would be benefited by the improvement, nor more or less than its proportionate share of the cost of the improvement. On June 1, 1892, the cause came on to be heard on the assessment roll, and the objections thereto; and, by agreement, a trial by jury was waived, and the cause was submitted to the court for trial without a jury; and the court overruled said objections, and, thereupon, on motion of the attorney of the city of Chicago, it was ordered and adjudged by the court that said assessment and all proceedings therein be and the same were thereby confirmed, and that the clerk of the court certify the same, together with the judgment, to the city collector, as required by law. Afterwards, on March 28, 1899, a judgment was entered by the court, by the terms of which, after reciting that no judgment had ever been entered upon said verdict, it was, upon motion of the petitioner, further adjudged and decreed that judgment of confirmation be, and was, thereby entered upon said verdict, confirming said assessment roll as to all such objections; and it was further thereby ordered that the clerk of the court certify the judgment to the city collector for collection according to law.

The present writ of error is sued out for the purpose of reviewing the said judgment.

F. W. BECKER, for plaintiff in error.

CHARLES M. WALKER, Corporation Counsel, ROBERT REDFIELD, and WILLIAM M. PINDELL, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Among the objections, made to the confirmation of the assessment by plaintiff in error in the county court, was the objection that the ordinance, lying at the basis of the assessment, was void for uncertainty. The following diagram shows the situation and aspect of the proposed sewers, and the streets, through which they were to run:

Douglas Park Boulevard. — Bonney Ave. — Lawndale Ave. — W. 15th St. — Millard Ave. — Central Park Ave. — W. 16th St.

Section 1 of the ordinance provides, "that a connected system of vitrified tile-pipe sewers be constructed as follows, to-wit: In West Sixteenth street along the center line thereof from and connecting with the sewer in Central Park avenue to the west line of Lawndale avenue; in West Fifteenth street along the center line thereof from and connecting with the sewer in Central Park avenue to the west line of Bonney avenue; in Douglas Park boulevard along a line thirty feet north of and parallel

with the south line thereof from and connecting with the sewer in Central Park avenue to the center line of Bonney avenue; and in Millard avenue, Lawndale avenue and Bonney avenue along the center line thereof from their connections with said sewer in West Sixteenth street to their connection with said sewer in West Fifteenth street, and thence to their connection with said sewer in the south side of Douglas Park boulevard."

The streets, running north and south, are Central Park, Millard, Lawndale and Bonney avenues; and the streets, running east and west, are Douglas Park boulevard, West Fifteenth and West Sixteenth streets. The sewer in West Sixteenth street is, by the terms of the ordinance, to run west to Lawndale avenue only, while the sewers in West Fifteenth street and Douglas Park boulevard run west to Bonney avenue, which is a block farther west than Lawndale avenue. As the West Sixteenth street sewer runs only to Lawndale avenue, it is apparent that between Lawndale and Bonney avenues there is a hiatus and no sewer. Hence, a sewer in Bonney avenue could not connect with the sewer in West Sixteenth street. The reference in the ordinance could not be to any existing sewer in West Sixteenth street between Lawndale and Bonney avenues, nor to any sewer to be thereafter constructed in West Sixteenth street between Lawndale and Bonney avenues, because the ordinance specifies that the sewers shall be constructed in Millard, Lawndale and Bonney avenues along the center line thereof "from their connections with said sewer in West Sixteenth street." The words "said sewer" can refer to nothing else than the provision theretofore made in the ordinance for a sewer in West Sixteenth street from Central Park avenue to Lawndale avenue. Therefore, the sewer referred to in the ordinance is only the sewer extending in West Sixteenth street from Central Park avenue to Lawndale avenue, and not any sewer in West Sixteenth street extending from Lawndale avenue

to Bonney avenue. It follows, that the sewer in Bonney avenue could not connect with the sewer in West Sixteenth street. In view of this uncertainty we are of the opinion, that the ordinance was void. (*City of Alton* v. *Middleton's Heirs*, 158 Ill. 442). As the Bonney avenue sewer has no connection with the West Sixteenth street sewer, its point of commencement in West Sixteenth street is not designated. Its starting point being an unknown quantity, neither its length nor depth can be known, and no intelligent bid could be made for that part of the work.

As the sewer running south in Bonney avenue would have no connection with any sewer in West Sixteenth street, its outflow would make a cesspool of private property. The city would have no right to empty the sewage upon private property. (*Nevins* v. *City of Peoria*, 41 Ill. 502). The ordinance makes no provision for the outflow.

In addition to what is said above, the ordinance provides for "house connection slants of six-inch internal diameter to be placed on both sides of the sewer opposite each twenty feet of lot frontage." It sufficiently appears from the assessment roll, that the lots of the plaintiff in error have a frontage of about fifty feet, certainly of more than twenty feet. The arbitrary subdivision of such lots into subdivisions of twenty-feet lots necessarily increases the expense of the improvement, and casts a burden upon the property in excess of the benefit received, and is beyond the power of the council. We have held in a number of cases, that the city has no power to dictate to a land owner how he shall subdivide his land, and lots of a greater frontage than twenty feet cannot be subdivided by the city into lots, each having a frontage of twenty feet, for the purpose of being assessed. (*Bickerdike* v. *City of Chicago*, 185 Ill. 280, and cases therein referred to).

For the reasons above stated, the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.      *Reversed and remanded.*