GORIS VANDERSYDE

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1901.*

1. SPECIAL ASSESSMENTS—*when objections come too late.* Objections to a sewer assessment come too late on application for judgment of sale when they are based upon matters which arose before confirmation, and are not claimed to have affected the jurisdiction of the court to render judgment of confirmation.

2. SAME—*what is not a subdivision of land for purpose of assessment.* The fact that a sewer ordinance provides for putting in "house connection slants every twenty feet on each side of the sewer" does not amount to a subdivision of the abutting property into twenty-foot lots, where the assessment is made against the property according to its legal description. (*People ex rel.* v. *Cook,* 180 Ill. 341, distinguished.)

3. SAME—*when provision for house connection slants does not vitiate ordinance.* A provision in a sewer ordinance for "house connection slants," which are merely protected openings in the sewer, "every twenty feet on each side of the sewer," does not vitiate the ordinance, in the absence of any proof that such provision is unreasonable or oppressive. (*Bickerdike* v. *City of Chicago*, 185 Ill. 281, distinguished.)

MAGRUDER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

SAMUEL J. HOWE, for appellant.

WILLIAM M. PINDELL, (CHARLES M. WALKER, Corporation Counsel, EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant appeared in the county court and filed objections to the application of the county collector for judgment and an order of sale against appellant's lands returned as delinquent for the non-payment of a special assessment levied to pay the cost of a sewer put in on West One Hundred and Eleventh place,—apparently a public street in Chicago. The objections were that his land was an undivided tract,—that is, block 1, except a strip on the south side thereof 3.96 feet in width, which strip belonged to another person, and that it would be unjust to collect the assessment against his land because, first, as said strip 3.96 feet in width lies between his land and said One Hundred and Eleventh place, he has no access to said sewer in One Hundred and Eleventh place; second, because he has access to sewers from his land on other streets which his said land had already been assessed to pay for, and the sewer in One Hundred and Eleventh place is no benefit to his land; third, because his said land has been arbitrarily subdivided into twenty-foot lots on the assessment roll, when it is, in fact, one

unsubdivided tract. The court overruled the objections and rendered judgment and an order of sale of the property. This appeal was then taken.

It is plain that the first two of these objections should have been made to the confirmation of the assessment, and that they cannot be entertained in this a collateral proceeding. All of the questions sought to be raised arose in the assessment proceeding and before the judgment of confirmation. It is not contended that the ordinance is void, or that the court, in rendering judgment of confirmation, was without jurisdiction, but such would be the effect if the ordinance provided for a subdivision of the tract of land. There was, however, no subdivision of appellant's property into twenty-foot lots, as supposed by counsel for appellant, but the assessment was authorized to be made, and was made, upon the entire tract as a whole, and the ordinance is not subject to the objection held fatal in *People ex rel.* v. *Cook*, 180 Ill. 341. In that case it was attempted by the ordinance to subdivide the tract into parcels and assess each parcel separately, and this court held that the municipality had no power to pass such an ordinance and that it was void. In the case at bar the ordinance simply provided for the putting in of "house connection slants every twenty feet on each side of the sewer." It does not appear from the record whether there were houses with which to connect these slants or not, and nothing is shown from which it can be said, as it was in *Bickerdike* v. *City of Chicago*, 185 Ill. 280, which was an appeal from a judgment of confirmation, that the ordinance is unreasonable.

Counsel for appellant also cites *People* v. *Clifford*, 166 Ill. 165, *Cram* v. *City of Chicago*, 139 id. 265, and *Warren* v. *City of Chicago*, 118 id. 329, as tending to sustain his objection. (See, also, *People* v. *Eggers*, 164 Ill. 515.) These cases are not in point. The ordinances condemned in those cases subdivided the property and it was assessed as subdivided. But this was not done by the ordinance

here in controversy. In *Gage* v. *City of Chicago*, 191 Ill. 210, what was said on this question was said on the assumption that there was an arbitrary subdivision of the property in the proceeding, but in the case at bar it is clear there was no subdivision whatever of appellant's property. These house connection slants in the sewer being mere open joints in the main pipe, where the house connection pipes may be put in and joined to the main sewer, do not, of course, have the effect of subdividing the property assessed.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting:

This opinion is in direct conflict with at least eight decisions of this court, to-wit: *People* v. *Cook*, 180 Ill. 341, *People* v. *Clifford*, 166 id. 165, *Cram* v. *City of Chicago*, 139 id. 265, *Warren* v. *City of Chicago*, 118 id. 329, *Upton* v. *People*, 176 id. 632, *People* v. *Eggers*, 164 id. 515, *Bickerdike* v. *City of Chicago*, 185 id. 280, and *Gage* v. *City of Chicago*, 191 id. 210. A citizen has a right to subdivide his property in such way as he sees fit, and no municipality can dictate to him how he shall subdivide his land. In making an assessment a city has no authority to subdivide a tract, or block, or lot into smaller strips of land than those described upon the legal subdivision thereof, and make the assessment upon the property according to such new and arbitrary description; but the city, if it desires to assess the property, should proceed against it as it is known and legally described. (*Cram* v. *City of Chicago, supra*). "An ordinance, which arbitrarily subdivides property for the purpose of assessing the same, is illegal and void." (*People* v. *Cook, supra*). The ordinance being illegal and void, the judgment of confirmation, which rests upon it, is also void, and may be attacked collaterally.