THE WASHINGTON PARK CLUB *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 20, 1905—Rehearing denied Feb. 8, 1906.*

1. SPECIAL ASSESSMENTS—*final hearing includes pronouncing of judgment.* Under section 41 of the Local Improvement act, requiring an affidavit to be filed before "final hearing," it is proper to allow a new affidavit to be filed after the evidence has been introduced and the arguments made and the court has taken the case under advisement but has not pronounced judgment.

2. SAME—*affidavit which shows compliance with section 41 is sufficient.* The affidavit required by section 41 of the Improvement act to be filed before final hearing, showing compliance with that section, need not show compliance with sections 38 and 39.

3. SAME—*what is not a material variance between a resolution and an ordinance.* There is not a material variance between the description of an improvement in the resolution as a system of "brick and vitrified tile-pipe sewer" and the description in the ordinance as a "system of brick and vitrified tile-pipe sewers," where the streets and sewers are each described in both the resolution and the ordinance.

4. SAME—*provision for house-slants every twenty-five feet is not unwarranted.* A provision in a sewer ordinance for house-slants every twenty-five feet is not unwarranted, as being unreasonable and an arbitrary subdivision of the abutting property.

5. SAME—*certified report cannot be impeached by party who made it.* Where the superintendent of special assessments certifies in his report that he has investigated the district covered by the proposed system of sewers, as required by section 39 of the Improvement act, property owners cannot impeach such report by calling him as a witness to testify that he has not investigated the district.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

MacCHESNEY & BRADLEY, and F. W. BECKER, for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES H. LEWIS, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for the confirmation of a special assessment for the construction of a system of sewers in the city of Chicago. The appellants appeared and filed objections to confirmation. Their objections were overruled and the assessment confirmed, and the objectors have prosecuted an appeal to this court.

The appellants urge four objections as grounds for reversal in this court:

*First*—It is urged that the provision of section 41 of the Local Improvement act (Hurd's Stat. 1903, chap. 24, par. 547, p. 400,) that an affidavit shall be filed before the final hearing showing a compliance with said section 41, was not complied with. The point was made upon the argument of the case that the affidavit filed was not a compliance with section 41 of the Local Improvement act. Afterwards and before the case was finally decided, but after the evidence had been introduced, arguments heard and the court had held the matter under advisement for some weeks, an amended affidavit was permitted to be filed on behalf of the city. This affidavit, we think, complies with all the requirements of that section of the statute, and was sufficient.

It is also said section 41 should be so construed as to require the affidavit mentioned in that section to show a compliance with the provisions of sections 38 and 39 of the Local Improvement act. Section 41 limits the affidavit to that section. Its language is, "showing a compliance with the requirements of this section." The statute does not require the affidavit to show a compliance with the requirements of sections 38 and 39 of said act, and the court did not err in overruling the objection.

*Second*—It is next urged there was a variance between the first resolution of the board of local improvements and

the ordinance in the description of the improvement. The resolution described the improvement as "a system of brick and vitrified tile-pipe sewer," while the ordinance described it as "a system of brick and vitrified tile-pipe sewers." The streets and character of the sewer in each street are described in the resolution as well as the ordinance, and the omission of the letter "s" in the word "sewers," in the resolution, could not have misled the property owners. The variance was immaterial and the objection was properly overruled.

*Third*—The ordinance provided for house-slants every twenty-five feet, and it is urged such provision is unreasonable and an arbitrary subdivision of appellants' lands. It has been repeatedly held that such provision in an ordinance is not unreasonable or an arbitrary subdivision of the property owner's land. *Vandersyde* v. *People,* 195 Ill. 200; *City of Chicago* v. *Corcoran,* 196 id. 146; *Duane* v. *City of Chicago,* 198 id. 471; *Walker* v. *City of Chicago,* 202 id. 531.

*Fourth*—The appellants called John A. May, the superintendent of special assessments, and sought to show by him that he had not investigated the district in which it was proposed to locate said system of sewers, in accordance with the provisions of section 39 of the Local Improvement act. In the report filed by the superintendent of assessments he certified he had made such investigation, and the appellants could not impeach his report by showing by him he had not discharged his duty in that particular. *Wright* v. *City of Chicago,* 48 Ill. 285; *Quick* v. *Village of River Forest,* 130 id. 323.

Finding no reversible error in this record, the judgment of the county court is affirmed.  *Judgment affirmed.*