THE CITY OF CHICAGO, Appellee, *vs.* JANE CREIGH WELLS,
Appellant.

*Opinion filed October 26, 1908.*

1. CONSTITUTIONAL LAW—*no person can be deprived of property by legislative act or ordinance.* Section 2 of the Bill of Rights, providing that no person shall be deprived of property without due process of law, prohibits the depriving of a person of his property, or the control thereof, by legislative act or ordinance.

2. SAME—*right of dominion over a tract of land includes right to subdivide it or not.* The right of dominion, possession and the power of disposition over a tract of land includes the right of the owner to subdivide it in such a way as he sees fit or to leave it unsubdivided, and the legislature has not power to authorize a municipal corporation to subdivide the property without the owner's consent or to compel him to make any subdivision.

3. SAME—*amendment of section 41 of Local Improvement act is void.* The amendment of section 41 of the Local Improvement act in 1901, (Laws of 1901, p. 106,) which provides that unsubdivided tracts of land may, for the purpose of spreading assessments for house drains and water service-pipes, be divided into lots of a frontage of twenty-five feet each, is unconstitutional and void.

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

JOHN M. BLAKELEY, for appellant.

GEORGE A. MASON, WILLIAM T. HAPEMAN, and EUGENE H. DUPEE, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled the objections of the appellant to the special assessment against her property abutting on North Clark street for the purpose of laying water service-pipes in said street between Devon avenue and Howard street, which questioned the authority of the city to subdivide appellant's property and assess it

236—9

in strips of twenty-five feet each.   Appellant excepted and
waived a jury on the question of benefits, which question
was submitted to the court for decision.   The court over-
ruled all objections and entered judgment of confirmation,
from which judgment this appeal was taken.

The ordinance provides for laying lead water service-
pipes, with brass taps and stop-cocks and spiral cast-iron
shut-off boxes, from the public main water pipe in the street
to a point seven feet from the street line of each of the lots,
blocks, tracts and parcels of land described therein.   The
appellant is the owner of a tract of land the legal descrip-
tion of which is block 2, Rogers Park, Cook county, Illinois.
It is bounded on the east by Clark street, on the south by
Touhy avenue, on the north by Rogers avenue and on the
west by the right of way of the Chicago and Northwestern
Railway Company, and it has never been subdivided into
lots.   The ordinance divides the block into forty-six strips
of ground, each twenty-five feet in width, described in the
ordinance as N. 25 ft.—S. 25 ft. N. 50 ft.—S. 25 ft. N.
75 ft., etc.   The assessment against each of the strips is
$20.52, making a total assessment of $948.92.

The authority to subdivide appellant's block of land is
claimed by appellee under the following portion of sec-
tion 41 of the Local Improvement act, added by amend-
ment in 1901: "Unsubdivided tracts of land may, for the
purpose of spreading assessments for house drains and
water service-pipes, be divided into lots of a frontage of
twenty-five feet each; and any fraction of frontage then
remaining may be assessed as a fractional lot."   Prior to
that amendment it was decided in several cases that a city
had no power arbitrarily to subdivide a piece of land which
the owner had allowed to remain in one parcel.   In *Warren
v. City of Chicago,* 118 Ill. 329, there was an assessment
like this for the purpose of constructing water service-pipes
to be laid and connected with the main water pipe, and it
was held that an arbitrary subdivision of the appellant's

lots for the purposes of the special assessment was without any authority, either in law or fact. In *Cram* v. *City of Chicago,* 139 Ill. 265, which was another special assessment to lay water service-pipes, the ordinance subdivided the property into strips of twenty-five feet, each of which was assessed a certain sum. The court said that an arbitrary description, or one having no foundation in fact, could never have been contemplated by the law, and that the property should have been proceeded against as it was known and legally described. In *People* v. *Cook,* 180 Ill. 341, where the question arose in a collateral proceeding for judgment against delinquent lands on a special assessment for laying drain pipe, it was held that the ordinance, which subdivided the tract into forty-four parcels, was void. The decision was not rested on the want of an enabling act, but upon the rights of an owner of land. The court said (p. 343): "The owner of property cannot be compelled to subdivide his land into twenty-five feet strips fronting upon a street. The owner has a right to subdivide his land in such a way as he sees fit. He may use his own pleasure and best judgment in subdividing it so that it will produce to him the best revenue. A municipality cannot dictate to the owner how he shall subdivide his land." In *Bickerdike* v. *City of Chicago,* 185 Ill. 280, the ordinance for a sewer provided that house-slants should be placed in both sides of the sewer, opposite every twenty feet of lot frontage. It was again said that a city cannot dictate to an owner how he shall subdivide his land, and that property cannot be assessed in the character of lots when not subdivided. It did not appear in that case what the house-slants were, and it was assumed, as the language indicated, that they were substantial parts of the improvement, adding materially to the cost, but it appeared in subsequent cases that they were nothing more than open joints in the main pipe of the sewer, where house connections might afterward be put in and joined to the main sewer. Being nothing but

open joints they were not substantial additions to the main sewer, and in subsequent cases they were so regarded. The *Bickerdike case* was decided in 1900, and in 1901 section 41 was amended, as above stated. In the cases which have since been considered by this court there was no subdivision of property into lots or parcels for the purpose of an assessment. In *Vandersyde* v. *People,* 195 Ill. 200, the ordinance included house-connection slants every twenty feet on each side of the sewer. The question of the validity of the assessment arose in a collateral proceeding and it was not contended that the ordinance was void, which the court said it would have been if it had provided for a subdivision of the tract of land. There was nothing from which it could be said that the provision for the openings was unreasonable, and the assessment was made upon the entire tract as a whole. In *City of Chicago* v. *Corcoran,* 196 Ill. 146, the assessment again included house-slants on both sides of the sewer, opposite each twenty-five feet. The assessment was upon the entire tract as a whole, according to its legal description, and it was held that there was no subdivision of the property. In *Walker* v. *City of Chicago,* 202 Ill. 531, there was no subdivision of the property by the ordinance, and the same was true in *Washington Park Club* v. *City of Chicago,* 219 Ill. 323.

Section 2 of the Bill of Rights provides that no person shall be deprived of property without due process of law, and under that provision no person can be deprived of property by legislative act or ordinance. The ordinance in question does not deprive appellant of her land, but it does deprive her of her control and dominion over it. In Austin on Jurisprudence (vol. 2, p. 817,) property is defined as follows: "Taken with its strict sense it denotes a right—indefinite in point of user, unrestricted in point of disposition and unlimited in point of duration,—over a determinate thing." In *Rigney* v. *City of Chicago,* 102 Ill. 64, the court said (p. 77): "Property, in its appropriate sense, means

that dominion or indefinite right of user and disposition which one may lawfully exercise over particular things or subjects, and generally to the exclusion of all others, and doubtless this is substantially the sense in which it is used in the constitution." In *Braceville Coal Co.* v. *People,* 147 Ill. 66, the same definition of property is adopted, as follows: "Property, in its broader sense, is not the physical thing which may be the subject of ownership, but is the right of dominion, possession and power of disposition which may be acquired over it." The right of dominion, possession and power of disposition over a tract of land includes the right of an owner to subdivide it in such a way as he sees fit or to leave it unsubdivided. That is the principle upon which *People* v. *Cook, supra,* was decided, where it was held that an owner may use his own pleasure and best judgment in subdividing his land or refusing to subdivide it, and that a municipality cannot dictate to him how he shall subdivide his land or that he shall subdivide it at all. In this case the whole assessment, amounting to $948.92, is levied to pay for the lead pipe connections with their appurtenances, and the effect of sustaining the attempted subdivision would be to deprive the appellant of her right to subdivide her property as she may see fit, and compel her to subdivide the entire block, with nearly twelve hundred feet of frontage, into strips of twenty-five feet in width, fronting on Clark street, or be deprived of a greater or less number of the water service-pipes. The unsubdivided tract is assessed in strips of twenty-five feet each, and each strip is charged with $20.52, according to an arbitrary subdivision of the property, without the sanction of the owner. If property may be subdivided to suit the views of a board of local improvements and city council, against the will of the owner, for the purpose of special assessment, the same thing could be done under any other form of taxation, so as to compel an owner to subdivide property in only one way. The constitution, which stands for and ex-

presses the will of the people, prohibits an interference with rights of property by legislative enactment, and denies to the legislature the power to provide that a municipality may subdivide the property of an owner without his consent, for any purpose whatever. The amendment, and the ordinance based upon it, are void.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*