THE VILLAGE OF RIVER FOREST, Appellee, *vs.* THE CHICAGO AND OAK PARK ELEVATED RAILROAD COMPANY, Appellant.

*Opinion filed April 21, 1910.*

1. SPECIAL ASSESSMENTS—*when ordinance does not provide for a double improvement.* Where there is already a sewer for part of the length of a street, an ordinance which provides for a new sewer in the street which is to connect with the old sewer and form one continuous sewer, and provides for house connections along the entire sewer in both the new and old parts, does not provide for a double improvement.

2. SAME—*when a village cannot provide for house connections every forty-five feet.* The power of a city or village to provide for house-slants does not authorize a provision in a sewer ordinance that house connections and drains, with pipes laid sixteen feet from the connection to the curb line of the street, shall be put in every forty-five feet along an unsubdivided and unimproved tract of land some seven hundred feet long, which is held for railroad purposes and not for business or residence property.

APPEAL from the County Court of Cook county; the Hon. J. B. VAUGHN, Judge, presiding.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for appellant.

B. F. LANGWORTHY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Cook county for the confirmation of a special assessment to pay the cost of constructing a vitrified tile-pipe sewer, with house drains, etc., in Park avenue, between Madison street and Hawthorne avenue, in the village of River Forest. The appellant appeared and filed objections to confirmation as to its property, which objections were overruled and the assessment was confirmed, and it has prosecuted an appeal to this court.

The first objection urged is, that there is a variance between the ordinance and the recommendation of the board of local improvements and the estimate of the cost of the improvement. There is an old sewer in part of Park avenue with which the new sewer is to connect, and it is claimed while the ordinance provides for house drain connections with both the old and new sewers, the recommendation of the board of local improvements and the estimate of the cost of the improvement provide only for house drain connections with the old sewer. We think this is a misapprehension. As we understand the ordinance and the recommendation of the board of local improvements and the estimate of the cost of the improvement, house connections and drains are to be put in every forty-five feet along the entire line of the sewer, on both sides of Park avenue,—that is, along the line of the new sewer and along the line of the old sewer. The appellant assumes that the recommendation and estimate only provide for and cover the cost of house connections and drains with the old sewer. We do not think there is any variance between the ordinance and the recommendation of the board of local improvements and the estimate of the cost of the improvement.

It is also claimed that the ordinance provides for an assessment to pay for two different improvements, in this: that the ordinance provides for a new sewer and also for

house connections and drains in the old sewer, with which the new sewer is to be connected. The old sewer and the new sewer, when the new sewer is completed, will form but one sewer and the completed sewer will be but one improvement. We see no legal objection to an ordinance which provides for the construction of a sewer which is to connect with a sewer which has already been put in in a part of a street in which a new sewer is to be constructed, and which provides that the new sewer is to be connected with the old sewer and then provides that house connections and drains shall be put in the completed sewer,—that is, in the old sewer and in the new sewer along the entire street in which, the line of sewer will extend when the new sewer is completed and connected with the old sewer, as when completed there will be but one line of sewer in the street. The ordinance did not provide, therefore, for a double improvement.

It is also contended by the appellant that in providing for house connections every forty-five feet in front of the objector's property, which is unsubdivided and unimproved property, and that drains are to be connected to said connections and pipe laid sixteen feet west from such connections to the curb line of the street adjoining the appellant's property, the property of objector has been arbitrarily subdivided in making said improvement, and that house connections and house drains are not needed by appellant's property, and that the ordinance is unreasonable and void. The evidence shows the property of objector which adjoins Park avenue on the west is twenty rods in width and seven hundred feet in length; that it was purchased and is held for railroad purposes, and not for subdivision or as business or residence property. While the sewer will be of benefit to objector's property, we are unable to see how its property will be benefited by the construction of house connections and house drains every forty-five feet along the sewer in front of the appellant's property. We

think, under the authority of *Bickerdike* v. *City of Chicago,* 185 Ill. 280, the ordinance, in so far as it provided for house connections and house drains every forty-five feet in front of appellant's property, was unreasonable, as it assumes the property of objector will eventually be divided into forty-five foot lots and that the property will be benefited by said house connections and house drains, which we think is an assumption the village had no right to make at the time it provided for the building of the said sewer. See *City of Chicago* v. *Wells,* 236 Ill. 129.

This case differs from the cases of *Vandersyde* v. *People,* 195 Ill. 200, *City of Chicago* v. *Corcoran,* 196 id. 146, *Smythe* v. *City of Chicago,* 197 id. 311, *Walker* v. *City of Chicago,* 202 id. 531, *Washington Park Club* v. *City of Chicago,* 219 id. 323, and *City of East St. Louis* v. *Davis,* 233 id. 553, which cases are known as the "house-slant" cases. A house-slant is said in the *Smythe case* to be nothing more than a four-inch extension or side projection opening into a main sewer to enable future connections to be made without injury to the sewer and at the least expense. Each house-slant would cost but a trifle, while here there would be at least fifteen house connections and house drains in front òf the objector's property sought herein to be assessed, which the estimate of the cost of this improvement shows would cost $5.50 each, which to an owner whose property fronts seven hundred feet upon a proposed improvement would be of considerable importance, the importance of which would increase as the amount of sewer to be laid would increase.

The judgment of the county court will be reversed and the cause remanded.                *Reversed and remanded.*