(No. 13563.—Reversed and remanded.)
Hans C. Jensen, Appellant, *vs.* The .Wilton E. Wilcox Lumber Company *et al.* Appellees. ·

*Opinion filed December 21, 1920.*

1. Constitutional law—*Garage Keeper's Lien act of 1917 is* · *unconstitutional.* The Garage Keeper's Lien act of 1917 is void as special legislation in that it gives garage keepers rights superior to those of other persons similarly situated, and in so far as it purports to give the garage keeper a lien prior to that of a recorded chattel mortgage and enables him to dispose of the property without regard to the mortgagee's rights it violates section 2 of the bill of rights and impairs the obligations of contracts.

2. Same—*when statute may make classification.* The legislature may classify persons and occupations for the purpose of legislative regulation, provided the classification is not arbitrary and is based on some substantial difference which bears a proper relation to the classification.

3. Same—*when statute violates prohibition against special legislation.* An act which arbitrarily discriminates in favor of one class, leaving unaffected others similarly situated between whom and the class favored there exists no reasonable basis for distinction or discrimination, violates the constitutional provision prohibiting special legislation. .

4. Same—*what is a proper classification.* To sustain legislation in favor of a class the classification must be of individuals possessing in common some disability, attribute or qualification which distinguishes the class as objects of legislative favor.

5. Notice—*distinction between a conditional sale and chattel mortgage as to notice.* A contract for the purchase of personal ·property which provides the vendee shall have possession but the title is to remain in the vendor as security for deferred payments is for a conditional sale, and the fact that it is acknowledged and. recorded is not notice to third persons, but a chattel mortgage executed, acknowledged and filed for record as the statute requires is notice to all the world. ·    ·

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

Otto G. Ryden, for appellant.

CLITHERO & SWETT, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was originally begun as an action of replevin against the Wilton E. Wilcox Lumber Company and the sheriff of Cook county for the possession of a Haynes automobile. The car was not recovered but the writ was served on defendants and counts in trover filed. The plea was the general issue. After the evidence was heard the trial court directed a verdict for the defendants, which the jury returned and upon which the court rendered judgment and adjudged costs against plaintiff. On the ground that the constitutionality of a statute known as the Garage Keeper's Lien act was involved, an appeal was prosecuted direct to this court.

Paul D. Jensen was the owner of a five-passenger Haynes automobile which he purchased in January, 1917, for $1500. He kept it in his private garage until June, when he moved to an apartment at 4434 North Drake avenue, Chicago. He then stored the car in the public garage of E. L. Bogasch, doing business under the name of Republic Garage and Machine Company, located about a block from where Jensen resided. In August, Jensen put a Ford roadster owned by him in the same garage. The charge for storage on each car was $9 per month, payable in advance. November 24, 1917, Jensen being indebted to Oscar F. Johnson in the sum of $1500, executed his note for that amount, due in two years, and secured the same by giving Johnson a chattel mortgage on both the Haynes and Ford cars. In January, 1918, Jensen paid Johnson $300 on the note and the Ford car was released from the mortgage. That the chattel mortgage was properly executed and recorded is not questioned. On May 30, 1918, Bogasch sold the Haynes car for non-payment of storage and other charges he claimed were due and unpaid. The

sale was made under the supposed authority of sections 3*a*, 3*b* and 3*c* of chapter 82 of Hurd's Statutes of 1917. These sections, together with section 3*d*, were added to the chapter of our statute on liens by amendment in 1917. Section 3*a* is as follows:

"Sec. 3*a*. Garage keepers shall have a lien upon any motor vehicle, parts and accessories thereof, kept by them for the proper charges due, for the keeping thereof, the repair thereof, the materials furnished thereto, and the expenses bestowed thereon at the request of the owner, or the person having the possession thereof: *Provided,* that such a lien shall not apply to motor vehicles, parts or accessories sold on conditional sale while the vendor remains unpaid: *And provided, further,* that the contract of sale or mortgage of the conditional vendor has been filed for record in the recorder's office in the county in which said sale takes place, before any lien sought to be enforced under this act attaches."

Section 3*b* is not here important. Section 3*c* authorizes the enforcement of the lien by sale of the property upon giving to the owner, if he and his residence are known to the garage keeper, ten days' notice in writing of the time and place of sale, and if the owner or his place of residence are unknown, an affidavit of that fact shall be filed with the clerk of the county court and notice of the sale published once a week for three successive weeks in some newspaper of general circulation published in the county. The amount of the lien and costs are to be paid out of the proceeds of the sale, and the surplus, if any, paid to the owner of the property. This act, especially sections 3*a* and 3*c*, it is contended is unconstitutional and void.

There is a sharp dispute as to whether there were any charges due the garage keeper on the Haynes car at the time the chattel mortgage was given and recorded. Appellant contends that all charges on the car were paid up to December 4. The chattel mortgage was given on Novem-

ber 24. Appellees claim there were charges unpaid· on that date to· the amount of $57.39. Bogasch, the garage proprietor, testified there was due him May 4, 1918, $127.98, and that there was due May 30, 1918, the date of the· sale, $170.18. If the Garage Keeper's Lien act is unconstitutional, then, of course, the· judgment was wrong and must be· reversed.

Appellant claims the right to· the possession of the car as assignee, for value, of the Johnson chattel mortgage and note. After the car was sold without actual notice to Paul D. Jensen, and without notice of any kind to Johnson, who was at that time the owner of the note and chattel mortgage, appellant became the owner of the note and chattel mortgage, located the car in the garage of one Nielsen and took possession of it under the chattel mortgage, under which there was $1250 unpaid, for the purpose of foreclosing the chattel mortgage. He stored it in a private garage September 18, 1918, and locked the doors. The appellee lumber company began a replevin suit for the car, making Paul D. Jensen, Oscar F. Johnson and Nielsen defendants. Appellant was not made a party to the suit. Possession of the car was taken under the writ by the lumber company. On the trial of the case the plaintiff elected to· take a non-suit. Judgment was thereupon ·entered for defendants and a writ of *retorno* ordered. The car was never found afterwards and never came to· the possession of defendants in that suit nor to· the possession of appellant.

It is urged by appellant that the Lien statute referred · to is special legislation, in violation of section 22, article 4, of our State constitution; that it deprives chattel mortgagees of vested property rights, in violation of section 2 of our bill of rights, and is in conflict with the fourteenth amendment to· the Federal constitution.

The statute involved is not declaratory of a common law lien but the lien created is ·solely dependent on ·the terms of the statute. We are of opinion the act·is void

as special legislation, giving garage keepers superior rights and advantages over other classes and persons similarly situated. There is not, and could not reasonably be, any claim here that the Garage Lien act has any relation to the police power. The legislature may classify persons and occupations for the purpose of legislative regulation, provided the classification is not arbitrary and is based on some substantial difference which bears a proper relation to the classification. (*People* v. *Schenck,* 257 Ill. 384.) An act which arbitrarily discriminates in favor of one class, leaving unaffected others similarly situated between whom and the class favored there exists no reasonable basis for distinction or discrimination, violates the constitutional provision prohibiting special legislation. (*Bailey* v. *People,* 190 Ill. 28.) We see no reasonable distinction for favoring men engaged in keeping garages and not giving the same advantages to men engaged in repairing and storing other property, such as agricultural machinery and implements, or horse-drawn wagons and trucks, and the like. In *Manowsky* v. *Stephan,* 233 Ill. 409, the court considered the constitutionality of the Mechanic's Lien law authorizing an attorney's fee to be taxed as part of the costs. The court held it was special legislation and void because no valid reason existed for singling out those holding mechanics' liens and giving them that right while denying it to other lienholders. To sustain legislation in favor of a class it must be composed of individuals possessing in common some disability, attribute or qualification which distinguishes the class as objects of legislative favor. (*Horwich* v. *Walker-Gordon Laboratory Co.* 205 Ill. 497.) We regard the statute as in violation of the constitutional prohibition against special legislation.

Furthermore, the lien of Johnson, and of appellant as his assignee for value, was a valid property right which could not be destroyed in violation of section 2 of our bill of rights,—that is, without due process of law. Our stat-

ute on mortgages of personal property provides that a chattel mortgage acknowledged and recorded in the manner required shall be good and valid from the time it is filed for record until the maturity of the debt, provided the time does not exceed three years. If the Garage Lien act is valid it would destroy that lien, which is a legal and valid property right. It will be noticed that section 3a provides that the lien shall not apply to property sold on conditional sale while the vendor remains unpaid, if the contract of sale or mortgage of the conditional vendor has been filed for record in the recorder's office in the county in which said sale takes place before any lien sought to be enforced attaches. It is difficult to see any valid reason why a person holding a contract of conditional sale should be protected and one holding a valid chattel mortgage should not be. We have held that a contract for the purchase of personal property which provides the vendee shall have possession but the title is to remain in the vendor as security for deferred payments is a conditional sale and not a chattel mortgage, and the fact that it is acknowledged and recorded is not notice to third persons. (*Gilbert* v. *National Cash Register Co.* 176 Ill. 288.) A chattel mortgage executed, acknowledged and filed for record as the statute requires is notice to all the world. Bogasch, the garage keeper, was bound to know of the lien of the chattel mortgage.

But it is insisted the car was stored and a small charge had accrued before the mortgage was made and filed for record, and that the statute is, as applied to the facts in this case, a valid act. It is by no means clear from the testimony that there was any charge due on the Haynes car when the mortgage became a lien, but we do not consider that a matter of great importance, for if there was anything due it was but a very small sum. The main question on this branch of the case is, could Bogasch enforce the lien for charges which accrued after the chattel

mortgage was filed for record, as a prior lien to that of the chattel mortgage? In our opinion he could not, and in so far as the statute purported to give him that right it was in violation of section 2 of our bill of rights. The lien of the chattel mortgage was a vested property right, which neither he nor his assignee for value could be deprived of by legislative act. *City of Chicago* v. *Wells,* 236 Ill. 129; *Barque Great West* v. *Oberndorf,* 57 id. 168; *Millett* v. *People,* 117 id. 294; *Ramsey* v. *People,* 142 id. 380.

By the agreement between the parties to this chattel mortgage, embraced in and made part of that instrument, the mortgagee on the maturity of the note, or sooner if he felt insecure and unsafe, was given the right to take the property and sell it for the purpose of paying the note. If the lien of the mortgagee can be destroyed by legislative enactment the effect of the act would be to violate the obligation of contracts, contrary to the prohibition of the Federal constitution that no State shall pass any law impairing the obligation of contracts. The Supreme Court of the United States in *Wolff* v. *New Orleans,* 103 U. S. 358, said that the prohibition of the constitution against the passage of laws impairing the obligation of contracts applies to contracts between individuals; "and that obligation is impaired, in the sense of the constitution, when the means by which a contract, at the time of its execution, could be enforced,—that is, by which the parties could be obliged to perform it,—are rendered less efficacious by legislation operating directly upon those means. * * * The ideas of validity and remedy are inseparable, and both are parts of the obligation which is guaranteed by the constitution. The obligation of a contract is the law which binds the parties to perform their agreement." See, also, *Frorer* v. *People,* 141 Ill. 171; *National Bank of Commerce* v. *Jones,* 12 L. R. A. (N. S.) 310, and authorities cited in note; *Yeatman* v. *King,* 2 N. Dak. 421; 33 A. S. R. 797.

Having reached the conclusion that the Garage Lien act is unconstitutional, other questions discussed in the briefs become immaterial.

The judgment of the circuit court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*