(No. 13817.—Reversed and remanded.)

THE THURBER ART GALLERIES, Plaintiff in Error, *vs.* THE RIENZI GARAGE, Defendant in Error.

*Opinion filed April 21, 1921.*

LIENS—*the Garage Keepers' Lien act is unconstitutional.* Sections 3*a*, 3*b* and 3*c* of the statute relating to liens, (Hurd's Stat. 1917, p. 1871,) known as the Garage Keeper's Lien act, are unconstitutional. (*Jensen* v. *Wilcox Lumber Co.* 295 Ill. 294, followed.)

WRIT OF ERROR to the County Court of Cook county; the Hon. F. J. CAMPBELL, Judge, presiding.

SAMUEL B. HILL, and ROY C. MERRICK, for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This was an action in trover brought by the Thurber Art Galleries, plaintiff in error, against the Rienzi Garage in the county court of Cook county to recover damages for the conversion of an automobile and some other personal property therein contained, which was the property of the plaintiff in that action. The defendant pleaded not guilty, also that the property was taken and held by virtue of a judgment of the municipal court of Chicago, based on the so-called Garage Keeper's Lien act. The plaintiff in error demurred to the latter plea on the special ground that said statute was unconstitutional. A jury was waived and the court heard the evidence, reserving its decision on the demurrer until after the evidence was heard under the issue joined by the plea of not guilty. The case was heard upon a stipulation of facts and the court overruled the demurrer. Plaintiff in error abided the demurrer, and the court found the defendant not guilty and gave judgment against the plaintiff for costs.

The stipulation shows that the Thurber Art Galleries is an Illinois corporation conducting business in the city of Chicago; that it owned and used an automobile; that the automobile during December, 1917, and January and February, 1918, was stored in the garage operated by the Rienzi Garage; that for its storage and for repairs made on the automobile during this period certain charges were made, on which the balance due was claimed to be $216.97. Later, Seymour J. Thurber, president of plaintiff in error, drove the automobile out of the garage and did not return it. In March, 1918, the Rienzi Garage brought a replevin suit in the municipal court of Chicago against Thurber, and the bailiff took possession of the automobile and delivered it to the Rienzi Garage. Upon the trial of the replevin proceedings the municipal court found that the Rienzi Garage was entitled to possession of the automobile and one cent damages, and that it was also entitled to a garage keeper's lien on the automobile for $38. Thereafter, the Rienzi Garage mailed to the Thurber Art Galleries a notice stating that a sale of the automobile would be had to satisfy the lien claimed. Between that date and the date of sale the Thurber Art Galleries tendered to the Rienzi Garage the sum of $38 and one cent and the costs awarded in the replevin suit, which tender was refused on the ground that the amount due was $216.97. On April 3, 1918, the Rienzi Garage, pursuant to the notice issued by it, sold the automobile to Walter O. Schmidt, who was treasurer of the Rienzi Garage, for $210. The Thurber Art Galleries made demand in writing upon the Rienzi Garage for the return of the automobile, and the automobile not being returned, an action of trover was brought.

The sole question involved in this case is the constitutionality of sections 3a, 3b and 3c of chapter 82, relating to liens. (Hurd's Stat. 1917, p. 1871.) This question was before this court in *Jensen* v. *Wilcox Lumber Co.* 295 Ill. 294, and said sections, known as the Garage Keeper's Lien

act, were there held to be unconstitutional. That case is controlling here.

. It follows that the county court of Cook county erred in overruling the demurrer of plaintiff in error to the plea filed by the defendant in error in the action in trover and in entering judgment against the plaintiff for costs. For this error the judgment of the county court is reversed and the cause remanded to that court, with directions to sustain the demurrer of plaintiff in error to said plea. .

*Reversed and remanded, with directions.*