IDA A. PORTER

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 21, 1898.*

1. PRACTICE—*filing general objections waives objections to jurisdiction.* Overruled objections, under special appearance, questioning the jurisdiction of the court to confirm special assessment, are waived by the filing of general objections, or the adoption of objections already filed by others, questioning the right of the petitioner to judgment of confirmation.

2. SPECIAL ASSESSMENTS—*prima facie case authorizes judgment, in absence of contrary proof.* A petitioner who makes a *prima facie* case in accordance with section 49 of the act on local improvements, (Laws of 1897, p. 119,) is entitled to judgment of confirmation, in the absence of testimony overcoming the same.

Appeal from the County Court of Cook county; the Hon. R. W. S. Wheatley, Judge, presiding.

Thomas W. Prindeville, and William J. Donlin, for appellant.

Charles S. Thornton, Corporation Counsel, and John A. May, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of confirmation in the county court of Cook county of a special assessment against certain property of appellant for improving North Clark street, in the city of Chicago.

At the time fixed for the hearing, appellant, by her counsel, entered a special appearance for the purpose of questioning the jurisdiction of the court. Upon such appearance it was objected, first, that the proof of publication of notice by the commissioners was insufficient; and second, that as shown by such proof of publication the notice was not published the requisite time. These objections were overruled, and thereupon the same counsel, on her behalf, adopted certain general objections filed on behalf of other property holders, questioning the sufficiency of the ordinance, the petition and assessment roll, and that the assessment on the property of objectors exceeds the benefits which will accrue to the property by the improvement. On these objections a trial was had by jury, and judgment of confirmation duly entered. The attempt is now made to assign as error the ruling of the county court on the special objections to its jurisdiction.

The publication was proved, not by the certificate of the publisher, but by an affidavit, and it is insisted that this was not proper proof of the publication. The affidavit shows that the notice was published in a daily newspaper, and that the date of the first paper containing the same was May 28, 1898, and that of the last paper

containing the same, June 2, 1898. The 29th day of May was Sunday, and Monday, the 30th, Decoration day. The contention is that both Sunday and Monday, the latter being a legal holiday, were *dies non juridici,* and therefore to be excluded in the computation of time, which would leave less than five days of consecutive publication. We are not prepared to hold that the proof of publication was not sufficient, nor that Decoration day is such a legal holiday as to render it *non juridicus,* the statute providing simply that it shall be treated as a holiday in regard to the presentation, etc., of negotiable instruments for payment. It is not, however, important in this case to definitely determine either of the foregoing questions, because it is well settled that upon the overruling of the objections to the jurisdiction the defendant waived them by filing and urging her general objections. *People* v. *Sherman,* 83 Ill. 165; *Nicholes* v. *People,* 165 id. 502; *Mix* v. *People,* 106 id. 425.

Upon the hearing the petitioner offered in evidence its petition, with a properly certified copy of the ordinance attached, with the assessment roll, and affidavit of mailing and posting notices, and the proof of publication, and this was all the evidence introduced by it. Appellant insists that, notwithstanding section 49 of the City and Village act, concerning local improvements, (Laws of 1897, p. 119,) which provides that these proofs "shall be *prima facie* evidence of the correctness of the amount assessed against each objecting owner but shall not be counted as the testimony of any witness or witnesses in the cause," where objections are urged and a trial had, such evidence is not sufficient to authorize a confirmation of the assessment. We are unable to comprehend force in this position. When a party upon a trial has made a *prima facie* case he is certainly entitled to a judgment unless testimony of some kind is introduced to overcome that case, and no such proof appears to have been offered here.

It is finally insisted that the record fails to show a compliance with the requirements of section 38 of the above statute concerning local improvements, and that it fails to show that any order of court was made direct-ing the superintendent of special assessments in the city to make a true assessment, etc. This objection, as shown by the amended record, cannot be made, the amended record showing that such order was properly entered.

We find no reason for disturbing the judgment below, and it will accordingly be affirmed.

*Judgment affirmed.*