HENRY T. GLOVER

*v.*

THE PEOPLE *ex rel.* Raymond, County Treasurer.

*Opinion filed December 18, 1901.*

SPECIAL ASSESSMENTS—*irregular division into installments is not ground for refusing judgment of sale.* That the division of a special assessment into installments is not in accordance with the requirements of the statute is not ground for refusing judgment of sale, where it is not shown that the objector suffered any damage from the irregular division.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

MARSTON & TUTTLE, for appellant.

WILLIAM M. PINDELL, (CHARLES M. WALKER, Corporation Counsel, EDGAR B. TOLMAN, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled objections of appellant to the application of the collector of said county for judgment against appellant's property for the fifth installment of a special assessment levied by the city of Chicago for the construction of a system of sewers.

By the ordinance and the Special Assessment law, under which the improvement was made, the assessment was to be divided into five annual installments, the last four of which were to be equal in amount. The law required that the costs of making the assessment should be paid from the amount of the first payment when collected, and the remainder of such payment should be paid to the person or persons entitled thereto on the contract for the work; that the amount remaining due upon the contract should then be divided into four equal

parts, and that the city authorities should issue vouchers to the person or persons entitled thereto for each part, payable in the same order and manner as the installments were payable and bearing the same rate of interest as the installments. The first four installments were paid, and on the application for judgment on the fifth installment appellant objected that the installments were not divided according to the statute. He offered in evidence a statement from the book of the comptroller of the city of Chicago showing that the first three installments were $91,000 each, the fourth installment $91,200 and the fifth installment $121,000. This statement also showed that the comptroller had paid out a larger sum for interest on the deferred installments than the amount collected for that purpose. The comptroller had issued vouchers against the fifth installment to the amount of $121,000, being about $30,000 more than the vouchers issued against the other installments. This action was improper and in violation of the statute, and appellant's assessment could not be changed thereby. The city authorities would have no right to increase his liability by making the unequal division, but his property could not be relieved from all liability for what was justly due upon the assessment. It does not in any way appear that appellant suffered any damage by the unequal division. Aside from the interest, the total amount of the installments was the same, and making the fifth installment larger than the others reduced the others by the same amount. The delay in collection of the larger amount until the fifth installment became due would not be an injury to appellant, but a benefit. It was not shown that sufficient money had been collected from the first four installments to defray the cost of the work without the fifth installment, or how much of the fifth installment was necessary to complete the payment.

It is said in argument that a greater amount was necessary to pay interest by issuing the interest-bearing

vouchers against the fifth installment for more than the other installments. There was no basis in the evidence for determining that the appellant suffered any damage on that account, or for determining the amount of such damage, or any deduction to which he would be entitled on account of the deviation from the statute. The judgment of the county court was therefore right and must be affirmed.

The judgment is affirmed.          *Judgment affirmed.*