ROBERT P. WALKER *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. SPECIAL ASSESSMENTS—*it is conclusively presumed that improve-
ment originated with board.* A resolution passed by the city council
ordering the improvement board to prepare an ordinance for an
improvement is not admissible, on application to confirm the as-
sessment, to show the improvement originated with the council,
since, as only the board can originate improvements, it is conclu-
sively presumed they treated the resolution as a mere petition.

2. SAME—*the first resolution need not describe improvement in detail.*
The first resolution for an improvement need not describe the im-
provement with the certainty required in the ordinance, it being
sufficient if the property owner can determine therefrom the
character and estimated cost of the improvement.

3. SAME—*sufficiency of notice of public hearing.* A notice of public
hearing need not contain the statement found in section 7 of the
Local Improvement act, as amended in 1901, (Laws of 1901, p. 104,)

"that if, upon such hearing, the board shall deem such improvement. desirable it shall adopt a resolution," etc., since the word "that," which introduces the sentence, is superfluous, and its elimination makes the statement a direction to the board, as was intended.

4. SAME—*city has the power to determine necessity for improvement.* Courts will not interfere to prevent the construction of a local improvement upon the ground that it is unnecessary or unreasonable, unless the city has so abused its discretion in that regard that the ordinance may be declared void.

5. SAME—*when description of man-holes is sufficient.* A sewer ordinance which specifies the number of man-holes and catch-basins, their dimensions and constituent materials, and provides that they shall be located at necessary points on the improvement, is sufficient without further specifying their location or the manner of connecting them with the sewer.

6. SAME—*what not a valid objection to confirmation of a sewer assessment.* If a sewer ordinance provides that all property within the district may drain into the sewer, it is not a valid objection to confirmation that future legislation by the city will be necessary before non-abutting property can be benefited.

7. SAME—*provision for house slants every twenty-five feet is valid.* A provision in a sewer ordinance for house connection slants every twenty-five feet is valid, even though the lots are wider than twenty-five feet, if the property is assessed by its correct description. (*Vandersyde* v. *People*, 195 Ill. 200, followed.)

8. SAME—*when division of assessment into installments is not improper.* Division of an assessment into installments not in accordance with the requirements of the statute is not ground for refusing judgment of sale if the objector is not prejudiced thereby.

APPEAL from the County Court of Cook county; the Hon. PHILIP S. POST, Judge, presiding.

This was an application in the county court of Cook county for the confirmation of a special assessment to pay the cost of constructing a brick sewer, with man-holes and catch-basins, in West Madison street from South Forty-eighth avenue to South Fifty-second avenue, in the city of Chicago. The appellants filed objections to the confirmation of said assessment as to their property, which were overruled and the assessment was confirmed, and they have prosecuted this appeal.

The boundaries and relative location of the streets and avenues of the drainage district created by the or-

·dinance and adopted by the commissioners in spreading the assessment are shown, in a general way, by the following plat:

STILLMAN & MARTYN, GAGE & DEMING, F. W. BECKER, and MASON BROS., for appellants.

EDGAR B. TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

*First*—It was contended that the improvement originated with the city council and not with the board of local improvements, and the appellants upon the hear-

ing, to sustain such contention, sought to make proof that the city council, by resolution, ordered the board to prepare and present an ordinance for the improvement, and that in pursuance of said order proceedings for the improvement were set in motion by the board. No power is conferred upon the city council to direct, by resolution or otherwise, the board to originate an improvement, or to prepare and present to the city council for its consideration an ordinance for a local improvement, and such resolution of the city council was absolutely void. The board has power to originate a scheme for a local improvement without petition and of its own motion, (*Givins* v. *City of Chicago*, 186 Ill. 399,) and all ordinances for local improvements to be paid for, wholly or in part, by special assessment or special taxation, must originate with said board. The presumption, therefore, is conclusive that the board, in originating the scheme for this improvement and in originating the ordinance therefor, acted upon its own motion or treated the resolution of the city council as a mere petition, and not as a binding order from the city council which required the board to act, and that the improvement and ordinance were originated by the board and not by the city council, and the court did not err in excluding said proof.

*Second*—It is next contended that the notice of the public hearing was void, as it did not contain the statement, "and that if, upon such hearing, the board shall deem such improvement desirable, it shall adopt a resolution therefor and prepare and submit an ordinance therefor." Section 7 of the Local Improvement act is, in part, as follows: "Notice of the time and place of such public consideration or hearing shall be sent by mail directed to the person who paid the general taxes for the last preceding year on each lot, block, tract or parcel of land fronting on the proposed improvement, not less than five (5) days prior to the time set for such public hearing. Said notice shall contain the substance of the reso-

lution adopted by the board and the estimate of the cost of the proposed improvement, and a notification that the extent, nature, kind, character and estimated cost of such proposed improvement may be changed by said board at the public consideration thereof and that if upon such hearing the board shall deem such improvement desirable, it shall adopt a resolution therefor and prepare and submit an ordinance therefor as hereinafter provided." (Hurd's Stat. 1901, p. 377.) The notice of the public hearing contained the substance of the resolution adopted by the board, the estimate. of the cost of the proposed improvement, and a statement that the extent, nature, kind, character and estimated cost of the improvement might be changed by the board at the public hearing. It seems clear from a reading of the foregoing part of said section, the word "that," found in the last sentence thereof, was erroneously inserted, and that it should be read, "and if upon such hearing the board shall deem such improvement desirable, it shall adopt a resolution therefor and prepare and submit an ordinance therefor as hereinafter provided." If the above construction, which we deem to be the correct one, be given said sentence, it was not necessary that the notice of the public hearing contain the statement that if the board should deem the improvement desirable it would adopt a resolution therefor and prepare and submit an ordinance to the city council providing for the construction of the improvement. That portion of the section defines the duty of the board in case it adheres to the first resolution and determines to recommend that the improvement be made, and it was not necessary that it be contained in the notice of the public hearing to give the board jurisdiction to adopt the second resolution and originate the ordinance. *Gage* v. *City of Chicago*, 201 Ill. 93.

*Third*—It is further contended that the description, "a brick sewer, with man-holes and catch-basins," in the first resolution, was not a sufficient description of the im-

provement. It is not necessary that the first resolution prescribe the nature, character, locality and description of the improvement with the same minuteness with which it must be described in the ordinance. (*Givins* v. *City of Chicago, supra.*) The location of the improvement was given and its nature and character were described in the resolution in general terms, from which, in connection with the engineer's estimate, which the statute requires shall be made a part of the record of the resolution, the property owner, upon the public hearing, could determine the character and estimated cost of the improvement which is proposed. This was all that the statute required, and was sufficient.

*Fourth*—It is also contended that the ordinance is unreasonable, oppressive and void. This objection is based mainly upon the contention that that part of the district which lies west of Fifty-second avenue is now sufficiently supplied with sewerage and drainage by a sewer starting at the intersection of Division street and Willow avenue, on the north line of the district, and running thence south upon Willow avenue to West Madison street, and thence east to South Fifty-second avenue, and thence south to Mud lake, which is located a considerable distance south of the drainage district, and that the proposed improvement is unnecessary and an unreasonable burden upon the property of appellants. The proposed improvement will connect with the Willow avenue sewer at the intersection of South Fifty-second avenue and West Madison street, and continue east on West Madison street to its intersection with South Forty-eighth avenue, and there connect with a large brick sewer in South Forty-eighth avenue, which runs thence east on West Madison street to South Forty-seventh avenue and thence south to Mud lake. The Willow avenue sewer from Division street to South Fifty-second avenue is a box sewer and appears from the evidence to be in a fair condition, and with a sufficient outlet it, together with

the sewers connecting therewith, will drain and carry off the sewage of the district north of West Madison street and west of South Fifty-second avenue for many years. The half mile of territory along West Madison street between South Fifty-second avenue and South Forty-eighth avenue is without sewerage, the surface water being carried off in open ditches, and the problem presented to the board was whether to repair the old sewer from the intersection of West Madison street and South Fifty-second avenue, running south to Mud lake, and arrange for the drainage of the territory adjoining West Madison street between South Fifty-second and South Forty-eighth avenues by an independent system, or to connect the Willow avenue sewer with the brick sewer at South Forty-eighth avenue by building a new sewer on West Madison street from South Fifty-second avenue to South Forty-eighth avenue, thereby furnishing sewerage and drainage for the territory adjoining West Madison street between those points, and furnishing to the territory sewered and drained by the Willow avenue sewer, and the sewers flowing into it, an outlet through the South Forty-eighth avenue sewer. There was much conflict in the testimony in regard to the condition of the Fifty-second avenue or Robinson avenue sewer, as it was formerly called, from West Madison street to Mud lake. This is a box sewer, and was built in about 1890 or 1891, and according to the weight of the testimony has fallen into decay and is out of repair, and in many places is filled up with mud, and cannot be repaired without great danger to the workmen engaged in repairing the same, and at large expense, and that by reason of the condition of the Fifty-second avenue (or Robinson avenue) sewer south of West Madison street, the Willow avenue sewer, and other sewers which connect therewith, have no sufficient outlet, and the basements of the houses and other buildings located in the district north of West Madison street are filled with water and sewage. That the proposed improvement

will relieve these conditions seems clear, and that the cost thereof will be more than would the cost of repairing or rebuilding the old Robinson avenue sewer is not shown, and if that sewer were repaired or rebuilt that it would be superior to this improvement does not appear.

The city council is clothed with the power to determine whether or not a local improvement is required, also to decide upon its location, nature and character, and when it shall be made and the manner in which it shall be constructed, and the courts have no power to interfere to prevent the construction of a local improvement upon the ground that it is not necessary and that its construction is an unreasonable burden upon the property sought to be assessed, unless the discretion vested in the city council has been abused to such an extent as to render the ordinance providing for the improvement so unreasonable that it may be declared void. (*Hawes* v. *City of Chicago,* 158 Ill. 653; *Field* v. *Village of Western Springs,* 181 id. 186; *City of Chicago* v. *Wilson,* 195 id. 19.) In the *Field case,* on page 191, it was said: "The question of the necessity of a local improvement is by the law committed to the city council, and courts have no right to interfere to prevent such improvement except in cases where it clearly appears that such discretion has been abused. The ground on which courts interfere is that the ordinance is so unreasonable as to render it void." The evidence found in this record does not show that the ordinance providing for this improvement is so unreasonable as to render it void.

*Fifth*—The further contention is made that the ordinance does not sufficiently prescribe the nature, character, locality and description of the improvement, in this: that it does not state how many man-holes and catch-basins are to be placed on the north and how many are to be placed on the south side of the street, nor how the connection of the man-holes, catch-basins, ditches, sewers and box drains are to be made with the sewer. The

ordinance provides for twenty man-holes and fifteen catch-basins, and specifies that they shall be located at necessary points along the line of the improvement. The dimensions and materials of which the man-holes and catch-basins are to be constructed are specified. This is sufficient to enable an intelligent estimate of their cost to be made and upon which an intelligent bid for their construction can be based, and that fulfills the requirements of the statute. In *Walker* v. *People*, 166 Ill. 96, on page 97 the court said: "It is said that the ordinance should specify at what points the man-holes and catch-basins are to be placed,—that the designation 'at necessary points' is too indefinite to meet the requirements of the statute. This precise question has been frequently before this court, and the rule laid down in the decisions is adverse to the contention here made by appellant.— *City of Springfield* v. *Mathus*, 124 Ill. 88; *Cochran* v. *Village of Park Ridge*, 138 id. 295; *Rich* v. *City of Chicago*, 152 id. 18; *Barber* v. *City of Chicago*, id. 37." While an ordinance should state the nature, character, locality and description of the improvement, a substantial compliance with the provisions of the statute is all that is necessary. (*Bickerdike* v. *City of Chicago*, 185 Ill. 280; *Hintze* v. *City of Elgin*, 186 id. 251; *Givins* v. *City of Chicago, supra; Peters* v. *City of Chicago*, 192 id. 437; *Duane* v. *City of Chicago*, 198 id. 471.) It is not contemplated by the statute that an ordinance of this kind shall set forth in detail how every part of the work is to be performed. Such a construction would require the ordinance to so far enter into detail as to render it impracticable to construct a local improvement by special assessment, as it would be impossible to carry to completion the work as detailed therein. The ordinance sufficiently described the nature, character, locality and description of the improvement. *Smythe* v. *City of Chicago*, 197 Ill. 311.

*Sixth*—The contention that the assessment upon non-abutting property is invalid because no benefits can

accrue thereto without future legislation by the city council cannot be sustained. All the property assessed is within the limits of the district, and will have the right, by the terms of the ordinance, to drain into the proposed sewer when completed. It was held in *Mason v. City of Chicago*, 178 Ill. 499, that property not abutting on the line of a main sewer may be assessed to the extent of its benefits, if it is within the defined limits of a district having the right to drain into the sewer.

*Seventh*—The contention that the ordinance is invalid because it provides for house slants at intervals of twenty-five feet when the property is divided into lots of greater size, is in conflict with the rule upon that subject heretofore announced by this court in *Vandersyde v. People*, 195 Ill. 200, and *City of Chicago v. Corcoran*, 196 id. 146, and is without force,

*Eighth*—The further objection is made that the assessment roll should not have been admitted in evidence because the amount assessed against the city of Chicago for public benefits was divided into installments. The total amount of the assessment was $15,000, which was divided into five installments of $3000 each. The sum of $65.25 was assessed to the city as public benefits, which amount was divided into five installments of $13.05 each, and was included in and went to make up each of said $3000 installments. We are unable to see how appellants are injured by the fact that the amount assessed against the city for public benefits was divided into installments instead of being made payable in one amount. In *Glover v. People*, 194 Ill. 22, it was held the division of a special assessment into installments not in accordance with the requirements of the statute is not ground for refusing judgment of sale when it is not shown objector suffered damages from the irregular division. We see no reason why the rule announced there should not be applied here.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*