THE CITY OF LAWRENCEVILLE, Appellee, *vs.* T. R. HEN-
NESSEY *et al.* Appellants.

*Opinion filed April 21, 1910.*

1. SPECIAL ASSESSMENTS—*person appointed to make assessment
must be a resident of city.* The person appointed to make a spe-
cial assessment in a city which has no superintendent of special
assessments must be a qualified elector who has resided in the city
for one year, as provided in section 6 of article 6 of the City and
Village act, even though he is not technically an officer.

2. SAME—*act of 1909, relating to bond issues, does not apply
to bonds against a special assessment.* The act of 1909, (Laws of
1909, p. 130,) providing that no ordinance which authorizes the
issuing of bonds (except refunding bonds) shall be valid until
such ordinance shall have been submitted to the voters at an elec-
tion and approved by a majority of votes, does not apply to bonds
issued by a city against a special assessment for an improvement
embracing only a part of the city.

3. SAME—*depth at which sewer pipes are to be laid is an es-
sential element of description.* The depth at which sewer pipes
are to be laid is an essential element of description, and if it does
not appear, on appeal, that the defect in the ordinance in omitting
to prescribe such depth was cured by the admission in evidence of
a datum ordinance, the latter not being in the abstract of record,
it must be held to be error to overrule an objection to the ordi-
nance based upon such omission.

4. SAME—*city cannot assess portion of a farm lying outside of
the corporate limits.* Where a farm lies partly within and partly
without the corporate limits of a city, the city has no power to
include the entire farm within a sewer district and assess the land
lying outside of the limits of the city.

5. SAME—*property cannot be assessed for sewer unless there
is a benefit.* Special assessments are based solely upon and jus-
tified by benefits to property, and property cannot be assessed for
a sewer unless it is benefited by a present use of the sewer or an
assured future use of such a nature that the owner can enfcrce
his right and secure the benefits.

6. SAME—*rule where property is within sewer district but not
on line of main sewer.* Property not abutting upon the line of a
main sewer may be assessed to the extent of its benefits if it is
within the defined limits of a district having the right to drain
into the sewer, but some provision must be made for securing that
right to the property.

7. SAME—*party making an assessment for sewer should report boundaries of districts.* The improvement board's division of a city into sewer districts for the purpose of constructing a connected system of sewers is not a conclusive determination that all property in such districts can be assessed, and it is the duty of the person making the assessment to designate and report the district which will be benefited by the proposed sewer, describing such district by boundaries, and it is not sufficient to merely assess the lands in the district as fixed by the improvement board.

APPEAL from the County Court of Lawrence county; the Hon. J. A. BENSON, Judge, presiding.

W. F. FOSTER, and P. W. BARNES, for appellants.

McGAUGHEY & TOHILL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, city of Lawrenceville, in Lawrence county, began this proceeding by filing its petition in the county court of said county for a special assessment to pay for that part of a connected system of sewers located in sewer district No. 3. The county court overruled legal objections interposed by the appellants, T. R. Hennessey and P. W. Barnes, and the question of benefits was submitted to a jury. Lands of Hennessey were assessed in that district at $1061, and the jury reduced the assessment to $800. The lands of P. W. Barnes were assessed at $500, and the jury reduced the amount to $300. The court confirmed the assessments as reduced and appellants appealed from the judgment.

The board of local improvements of the city of Lawrenceville adopted a general scheme of sewers for the city with an outlet in the Embarrass river and divided the city into four sewer districts. On July 2, 1909, the board presented to the city council reports and estimates together with four ordinances, one for each district. The ordi-
244—30

nances were passed and approved on that day. Section 38 of the Local Improvement act provides that upon the filing of a petition in court for a special assessment, the superintendent of special assessments in cities where such officer is provided for by law, otherwise some competent person appointed by the president of the board of local improvements, shall make a true and impartial assessment of the cost of said improvement. On the same day that the ordinances were passed, and before the filing of any petition, the president of the board of local improvements appointed Guy W. Courter to make the assessments in the several districts and Courter proceeded to make the same. On July 16, 1909 the city filed a petition for the special assessment involved in this case in district No. 3, and thereupon Courter filed his assessment roll on the same day.

One of the objections was, that the assessment was made by a person not legally qualified to make the same by reason of his being a non-resident of the city and county. Courter testified that he resided in Mt. Carmel, in Wabash county, and had never resided in Lawrenceville or Lawrence county, and that he made the assessments under an agreement to make the four assessment rolls for $400, provided they went through, and if they failed he was to get nothing. Section 6 of article 6 of the Cities and Villages act provides that no person shall be eligible to any office, except that of city engineer or attorney of an incorporated village, who is not a qualified elector of the city or village and who shall not have resided therein at least one year next preceding his election or appointment. In cities having a population of 50,000 or more there is the office of superintendent of special assessments, but there is no such office in cities of the population of Lawrenceville, where the president of the board of local improvements is authorized to appoint some competent person to make an assessment. The person so appointed is not technically an officer, but is an agent or employee for

a single and specific purpose, whose functions are at an end upon the completion of his work. An office is a public position which does not end with the performance of a particular duty; (*People* v. *Loeffler,* 175 Ill. 585;) but the legislature evidently regarded the person appointed to make an assessment as an officer, since he is called an "officer" in defining his duties in section 39 of the Local Improvement act. He is to be a competent person, which means legally qualified as well as fit and capable to perform the duty imposed upon him. The legislature never could have intended that a non-resident should exercise authority and functions in making a special assessment in a city with a population of less than 50,000, when a superintendent of assessments, exercising the same authority and functions in a city of larger population, must be a qualified elector who has resided in the city for one year. It would be unreasonable to hold that the legislature meant by the language used to include aliens, non-residents or minors, provided only they have the knowledge necessary for the performance of the work. It is necessarily implied from all the provisions of the statute that one who is legally qualified and designated as an officer must be a resident of the municipality. The court erred in overruling the objection. That error is fatal to the judgment, but there are some other questions involved in the proceeding which must be noticed.

It is contended that the ordinance is void for failing to provide for submitting the question of issuing bonds to a vote of the electors of the city in accordance with an act in force July 1, 1909. (Laws of 1909, p. 130.) The language of that act is quite broad, but it could not have been intended to apply to bonds issued by a city to pay for an improvement in a district embracing only part of a city and where the bonds are not to be paid by taxation but by assessments against the property benefited. In this case the city was divided into four sewer districts and the num-

ber and amount of bonds to be issued would be different
in the different districts, and it would not be reasonable to
say that voters residing out of a particular district and not
liable to pay any part of the bonds should have a right to
vote on the question whether they should be issued. The
act does not apply to bonds issued under the Local Im-
provement act against a special assessment, and the court
did not err in overruling that objection.

There was an objection that the ordinance did not pre-
scribe the depth to which the sewer pipes were to be laid
in the ground, and the ordinance was lacking in that es-
sential element. To meet that objection the city produced
a witness who said that he was clerk *pro tem* when an
ordinance called by counsel a datum ordinance was passed,
and he identified a paper as the original ordinance passed
at that time. The testimony was objected to on the ground
that the witness was not the legal custodian of the paper,
but the court overruled the objection. Afterward, on the
trial before the jury, a copy of the ordinance, certified by
the clerk, was offered in evidence. It does not appear in
the abstract furnished by appellants, or by any additional
abstract, what this datum ordinance was, or that it cured
in any way the defect in the ordinance for the improve-
ment. So far as appears, the ordinance for the sewers was
entirely lacking in a necessary element of description, and
the objection on that ground should have been sustained.

The objector Hennessey owned a farm of about ninety
acres, and about half of it was within the corporate limits.
The land was divided by the scheme of the board into two
tracts,—one of three hundred feet wide, which was placed
in district No. 2 and assessed at $1124.90, and the remain-
der in district No. 3, involved in this case, and assessed at
$1061. The entire farm, except the three hundred feet,
both within and outside the corporate limits, was described
as assessed in district No. 3. It is argued in this court,
under the authority of *City of Chicago* v. *Wells,* 236 Ill.

129, that there was no power to divide the lands, but that objection was not made in the county court. Of course, they could not assess lands outside of the corporation.

There was but one house on Hennessey's premises, and there was no sewer provided upon, along or through that part of his land in district No. 3. The nearest water main which would make a sewer available for any other purpose than surface drainage was seven hundred feet from the land, and it did not appear, either on the hearing before the court or the jury, that there would be any benefit from surface drainage. The theory of the witnesses for the city was that the property was adapted for division into city lots for the purposes of buildings and that it would receive benefits to the amount of the assessment for that reason. As there was neither sewer nor water main provided for on the premises there would be no benefit for house drainage. Property not abutting on the line of a main sewer may be assessed to the extent of its benefits if it is within the defined limits of a district having the right to drain into the sewer, but some provision must be made securing that right to the property. (*Mason* v. *City of Chicago*, 178 Ill. 499.) Special assessments are based solely upon and justified by benefits to property, and property cannot be assessed for a sewer unless it is benefited by a present use of the sewer or by an assured future use of such a nature that the owner can enforce his right and thereby secure the benefits.

The board of local improvements divided the city into four sewer districts and presented four ordinances applicable to the different districts, which were passed by the city council, and Courter proceeded to assess the property included in the districts. The determination of the city was not conclusive that all property in the districts could be assessed. Section 39 of the Local Improvement act provides that when the proposed improvement is for the construction of a sewer, the officer must designate and re-

port the district which will be benefited by such proposed sewer, describing the same by boundaries, and the court can then determine the question if the report is challenged. Courter did not report the district which would be benefited, describing the same by boundaries, but merely assessed the lands contained in the district, and the objection that he had not complied with the law ought to have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*