THE CITY OF CHICAGO, .Appellee, *vs.* ROBERT H. CROZER,
Appellant.

*Opinion filed. October 28, 1910.*

1. SPECIAL ASSESSMENTS—*power of court to re-cast assessment
before hearing.*  After the assessment roll has been filed by the
superintendent of assessments, the county court has power, on mo-
tion of the city, to reduce the assessment upon all the property
and to re-cast the roll, even though such action is before the return
day for filing objections to the confirmation of the assessment roll.

2. SAME—*Bond Issue act of 1909 does not apply to special as-
sessment bonds.*  The act of 1909, requiring a vote of the people
upon the question of the issue of bonds by a city, does not apply to
bonds issued under the Local Improvement act against a special
assessment. (*City of Nokomis* v. *Zepp,* (*ante,* p. 159,) and *City
of Lawrenceville* v. *Hennessey,* 244 id. 464, followed.)

3. SAME—*effect where total benefits assessed do not equal en-
gineer's estimate.*  If the court is of the opinion that the property
has been assessed more than it is benefited it may reduce the as-
sessment, and the fact that by such reduction the total amount of
benefits assessed is less than the estimated cost does not invalidate
the proceeding nor authorize the court to arbitrarily assess the
difference between such amounts as benefits against the public.
(*City of Nokomis* v. *Zepp,* (*ante,* p. 159,) followed.)

APPEAL from the Superior Court of Cook county; the
Hon. FARLIN Q. BALL, Judge, presiding.

TAYLOR & McWILLIAMS, (JOSEPH H. FITCH, and WIL-
LIAM J. DONLIN, of counsel,) for appellant.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (ED-
WARD J. BRUNDAGE, Corporation Counsel, of counsel,) for
appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal by Robert H. Crozer from a judg-
ment of confirmation of a special assessment for $1537.10
rendered against a lot belonging to appellant.  The im-

provement for which the special assessment was made was for the re-surfacing of the roadway of LaSalle avenue, in the city of Chicago, from Chicago avenue to North Clark street. The ordinance provided that the whole cost of the improvement should be paid for by special assessment, in accordance with the Local Improvement act and amendments thereto. The engineer certified that in his opinion the probable cost of the proposed improvement would not exceed $61,500. The ordinance provided that the assessment should be divided into five annual installments, and that bonds be issued to anticipate the collection of the second and succeeding installments. The superintendent of special assessments filed an assessment roll in the court in which the proceeding was pending, in which he found and stated: "Proportion of total cost which will be of benefit to property and is assessed against such property, $61,500; proportion of total cost which will be of benefit to the public and is assessed to the city of Chicago, no dollars." The assessment roll was filed October 21 and notice given in accordance with the requirements of the Local Improvement act, fixing November 6, 1909, as the day for hearing objections. On November 1, 1909, the following order was entered by the court:

"This cause coming on to be heard on the motion of the petitioner herein to reduce the assessment against all property described in the assessment roll filed herein, and it appearing to the court that no objections have been filed in this cause, and it appearing to the court that the property described in the assessment roll will not be benefited to the amount of the assessment against said property, and the court being fully advised in the premises, it is ordered that the assessment against all property described in the assessment roll be and the same is hereby reduced ten per cent; and it is further ordered by the court that the assessment roll be and the same is hereby re-cast by the court, on its face, in red ink, in accordance with this order."

As re-cast by the court the assessment against each parcel of property was reduced ten per cent. On November 6 further time was given the objectors to file objections until November 11, and afterwards was extended until January 5, 1910, when appellant filed a large number of objections to the confirmation of the assessment. A hearing was had on these objections, and on January 8, 1910, the court overruled the objections and rendered judgment confirming the assessment as modified and re-cast by the court. Appellant preserved his exceptions to the rulings of the court and waived further controversy as to the remaining questions upon the record for the purpose of praying an appeal as provided by the statute.

The objections raised but three questions that are assigned for error and discussed in the briefs of counsel: "(1) The ordinance is illegal in providing for the issue of bonds in a manner contrary to the provisions of the act of 1909 requiring ordinances authorizing the issue of bonds to be submitted to vote; (2) the material alteration of the verified assessment roll on an *ex parte* showing, after notices had been mailed and before the return day, nullified the assessment *in toto* and destroyed its character as evidence; (3) the ordinance required any excess of estimated cost over the total amount of assessed benefits to be assessed against the petitioner as public benefits, and the court erred in entering judgment until that had been done." As the first and third objections have been recently passed upon by this court we will notice the second objection first.

Appellant contends that the alteration and re-casting by the court of the assessment roll nullified and destroyed the assessment *in toto* and rendered it incompetent to be considered as making a *prima facie* case on the hearing of the application for confirmation of the assessment. The basis of this contention is, that the engineer's estimate of the probable cost of the improvement was ten per cent greater than the total of the modified and re-cast assessment roll.

We do not think the court exceeded the powers conferred upon it by the Local Improvement act to review, modify, alter, change, annul or confirm the assessment as returned by the superintendent of special assessments, and as the assessment against the appellant's property was reduced ten per cent he was not prejudiced by that action. Nor do we think the validity of the order was affected by the fact that it was made before the return day for filing objections to the confirmation of the assessment roll. After the roll was filed in the court the superintendent of special assessments ceased to have any further power or authority over it unless it was referred back to him with directions by the court. Upon its being filed, the court was vested with power to review, alter, change, annul or confirm it in such manner as to make a true and just assessment of the cost of the improvement according to the requirements of the Local Improvement act. The judgment of confirmation could not be entered before the day fixed by the court and of which date property owners had been notified, and whatever merit there might have been in the complaint of a property owner if the court had before that day re-cast the assessment roll and increased the assessment against the property, certainly appellant is in no position to complain of the reduction of the assessment against his property, and the entry of the order prior to the date fixed for hearing objections to the confirmation of the assessment did not invalidate the order.

The objection that the ordinance is illegal in not requiring the question of issuing bonds for the second and subsequent installments of the assessment to be submitted to a vote, in accordance with the act approved June 4, 1909, and in force July 1, 1909, was passed upon by this court in *City of Lawrenceville* v. *Hennessey,* 244 Ill. 464, and *City of Nokomis* v. *Zepp,* (*ante*, p. 159.) In those cases it was held that act did not apply to bonds issued under the Local Improvement act against a special assessment.

The objection that the court erred in not assessing as public benefits the excess of the estimated costs of the improvement above the total amount of benefits assessed against the property by the modified assessment roll was decided contrary to appellant's contention in *City of Nokomis* v. *Zepp, supra.*

While the total amount of the assessment as confirmed by the court is $6150 less than the estimate of the probable cost of the improvement by the engineer, this is not conclusive that the work cannot be completed for the amount of the assessment. The superintendent of special assessments found that no benefits should be assessed to the public for the improvement and the court confirmed this finding. If the court was satisfied that each parcel of property had been assessed ten per cent more than it was benefited it was its duty to reduce the assessment accordingly, and it had no power to arbitrarily assess the amount of the reduction against the public or any other property unless it was benefited thereby to the amount of the reduction. If the appellant's property has been assessed the full amount of the benefits resulting to it from the improvement, it cannot be again assessed if there should be a deficiency in the amount necessary to pay the cost of the improvement. If the assessment as confirmed by the court is sufficient to pay for the cost of the improvement,—and it has not yet been ascertained that it is not,—then no prejudice can result to appellant. The fact that the assessment as confirmed may not be conclusive that appellant's property is benefited no more than it is assessed, and that if there should turn out to be a deficiency it may be again assessed in a supplemental proceeding if it should appear that it had not already been assessed to the full amount of the benefits resulting to it, does not alter the situation. If the court was of opinion the assessment as spread by the superintendent of special assessments did not exceed the benefits to the property it would have been justified in con-

246—33

firming it for the full amount. If it should turn out there is a deficiency, and in a supplemental proceeding it should be found that appellant's property has not been assessed the full amount of the benefits accruing to it, appellant will be no more injured than he would have been if on the first assessment it had been determined his property was benefited to the extent of the original and supplemental assessments. The reduction made by the court, therefore, would seem to be to his advantage, for it may be that the improvement can be completed for the assessment as confirmed, and if so, then there will be no further assessment.

We are of opinion the objections made by appellant do not require a reversal of the judgment of the court confirming the assessment, and the judgment is affirmed.

*Judgment affirmed.*