(No. 17628.—Judgment affirmed.)
BERNADINE HOLMES *et al*. Appellants, *vs*. THE CITY OF
HARVEY, Appellee.

*Opinion filed February 16, 1927.*

1. SPECIAL ASSESSMENTS—*question as to benefits cannot be re-
viewed without bill of exceptions.* The question whether the prop-
erty assessed for a local improvement will not be benefited unless
subsequent work is done is a question of fact which cannot be
reviewed by the Supreme Court unless preserved by a bill of ex-
ceptions, properly certified.

2. SAME—*burden is on objector to prove further steps are nec-
essary to benefit the property assessed.* The assessment roll makes
a *prima facie* case that the property assessed is benefited to the
extent assessed, and the burden is on the objector to prove his
contention that his property will not be benefited unless further
steps are taken by petitioner, and the mere distance of the prop-
erty from the improvement, without further evidence to overcome
the *prima facie* case made by the assessment roll, is not enough
to overcome the presumption in favor of the roll.

3. SAME—*when objection that further work must be done to
benefit the objector's property is insufficient.* That property as-
sessed will not be benefited unless further work is done to con-
nect with the improvement is not a valid objection unless addi-
tional legislation by the city will be necessary.

APPEAL from the County Court of Cook county; the
Hon. JOHN D. BIGGS, Judge, presiding.

WEBSTER, HOLMES & HOLMGREN, (GROVER E. HOLMES,
of counsel,) for appellants.

THOMAS C. STOBBS, (TOLMAN, SEXTON & CHANDLER,
of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment of the
county court of Cook county confirming a special assess-
ment levied by the city of Harvey for the construction of
a system of water mains in said city. Certain property

owners in the territory assessed for the improvement objected to the confirmation, and, upon their objections being overruled, prayed and were allowed an appeal to this court.

Appellants first contend that three classes of property are shown by the map to be affected by the improvement: (*a*) Property abutting upon a line of the water mains, so that the owners will have direct connections with the improvement for their water supply; (*b*) property now supplied with water and having connections with existing water mains; (*c*) property remotely situated from the supply line, so that subsequent work will have to be done and improvements made and installed before the owners of the property will have any connection for water supply. Their second contention is that no provision is made in the petition, nor in the confirmation thereof, for the distribution of public benefits.

We are of opinion the questions raised are not preserved for review. A document was filed by appellants in this court May 12, 1926, consisting of placita, copy of judgment rendered April 1 confirming the assessment roll and allowing an appeal to objectors on their filing bond in the sum of $250, and a bill of exceptions within sixty days from the date the judgment was entered; also a copy of the appeal bond, which is certified by the clerk to be a copy of the judgment and appeal bond. On the same day, May 12, 1926, appellants secured an extension of time from a member of this court to and including June 4, 1926, to file a complete record, assignment of errors, abstract and briefs. The record was filed in this court June 4, 1926. Appellants filed their abstract June 24, 1926, and their brief and argument July 14, 1926. What was filed June 4 as a complete record contains a copy of the petition, recommendation of the board of local improvements, estimate of cost, ordinance, publication, map showing location of the water mains and property assessed, assessment roll, and various other exhibits, objections filed by appellants, and

324—22

then, immediately following the objections, "approval of appeal bond," "appeal bond," "certification by clerk of the county court of Cook county to said record," and assignment of errors. The abstract makes no reference to any certificate of the judge to the bill of exceptions and we have been unable to find any such certificate. The bill of exceptions does not contain any oral testimony heard on the objections or show that any such testimony was heard.

Whether, as contended by appellants, their property assessed will not be benefited unless subsequent work is done cannot be determined from the record. That is a question of fact which cannot be reviewed by this court unless preserved by a bill of exceptions. (*Kelly* v. *City of Chicago,* 148 Ill. 90; *Frank* v. *City of Chicago,* 216 id. 587.) The burden of proving petitioner has not provided for any further steps to enable the property assessed to benefit by the improvement is upon the objector. (*City of East St. Louis* v. *Davis,* 233 Ill. 553.) The assessment roll makes a *prima facie* case that the property assessed is benefited to the extent assessed, and cannot be overcome except by evidence. (Smith's Stat. 1925, sec. 49, p. 454; *Porter* v. *City of Chicago,* 176 Ill. 605; *City of Chicago* v. *Hirschl,* 275 id. 60; *City of Chicago* v. *Marsh,* 250 id. 512.) The mere location of the property distant from the improvement, without further evidence to overcome the *prima facie* case made by the assessment roll, is not enough to overcome the presumption in favor of the roll. (*Kelly* v. *City of Chicago, supra.*) That the property assessed will not be benefited unless further work is done to connect with the improvement is not a valid objection unless additional legislation by the city will be necessary. *Walker* v. *City of Chicago,* 202 Ill. 531.

The complete record does not present to this court for review any of the questions contended for by appellants, and the judgment is affirmed.          *Judgment affirmed.*