THE VILLAGE OF DEERFIELD, Appellee, *vs.* MARY S. WESS-
LING *et al.* Appellants.

*Opinion filed April 17, 1930.*

ARTHUR BULKLEY, and SIDNEY H. BLOCK, for ap-
pellants.

MARTIN C. DECKER, (BERNARD M. DECKER, of coun-
sel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

The village of Deerfield filed its petition June 19, 1929,
in the county court of Lake county, to improve Second
street in said village by grading, paving and draining, and
to acquire by condemnation a strip of land thirty feet wide
extending along the entire length of Second street. It was
proposed to increase the width of the street to be improved
to sixty feet. After the petition was filed, on motion of
petitioner the court designated Peter J. Duffy and Wil-
bur B. Brazell as commissioners, to act with the president
of the board of local improvements of the village, to inves-
tigate and report to the court the just compensation to be

made to the respective owners of private property which should be taken or damaged, and also what real estate would be benefited by such improvement. Afterwards an assessment roll was prepared by the commissioners and filed in the county court, and due notices and summons were issued to the property owners in accordance with the Local Improvement act. Certain property owners filed objections to the confirmation of the special assessment and the condemnation proceedings. The matter was set down for hearing upon objections not triable by a jury. One of the objections was that Brazell, one of the commissioners appointed to investigate and report to the court the just compensation to be made to owners of private property and also what real estate would be benefited by the improvement, and who signed the report and assessment roll, was not a competent person, under the statute, to perform the duties of a commissioner, for the reason that he was not, and never had been, an elector or resident of the village of Deerfield. It was also objected that the board of local improvements of the village was compelled to keep a complete record of all its proceedings and could speak only through that record, and that in the instant case the record of the board of local improvements failed to comply with the law, in that it set out only the substance of the first resolution and entirely failed to disclose the itemized estimate of cost required by law. The objections were overruled by the court. The objectors took exception to the court's ruling, waived further controversy on the record, and the court entered judgment of confirmation against the property of the objectors. From that judgment an appeal has been prosecuted to this court.

It was stipulated that Brazell resided in Waukegan, Lake county, Illinois, and had never been a resident of the village of Deerfield.

Section 14 of the Local Improvement act (Smith's Stat. 1929, p. 503,) provides, among other things, that upon the

filing of the petition the court shall designate two competent persons as commissioners to act with the superintendent of special assessments, where there is one, who shall investigate and report to the court the just compensation to be made to the respective owners of private property which shall be taken or damaged, and also what real estate will be benefited by such improvement and the amount that such benefits shall be to each parcel. Section 38 of the Local Improvement act (Ibid. p. 510,) provides that upon the filing of the petition the superintendent of special assessments in cities where such officer is provided for by law, otherwise "some competent person" appointed by the president of the board of local improvements, shall make the assessment of costs of the improvement upon the petitioning municipality and the property benefited by such improvement.

The case of *City of Lawrenceville* v. *Hennessey,* 244 Ill. 464, is cited in support of the objection made here that Brazell was not a competent person to act as a commissioner. That case arose under section 38 of the Local Improvement act, and it was held that the appointment by the president of the board of local improvements of a non-resident of the city to make the assessment of costs of the improvement was not the appointment of a "competent person." The court said the appointee must be legally qualified as well as fit and capable to perform the duties imposed; that the legislature never could have intended that a non-resident should exercise authority and functions in making a special assessment in a city with a population of less than 50,000, when a superintendent of assessments, exercising the same authority and functions in a city of larger population, must be a qualified elector who has resided in the city one year. It was stated that it would be unreasonable to hold that the legislature meant to authorize the appointment of aliens, non-residents or minors, provided, only, they had the knowledge necessary for the performance of the work; that it is necessarily implied from

all the provisions of the statute that one who is legally qualified and designated as an officer must be a resident of the municipality.

We have set forth the substance of section 38 of the Local Improvement act, passed upon in the *Lawrenceville case,* and section 14 of the same act, under which Brazell was appointed in this case. The duties of the appointee under each section are practically identical, and we are of opinion that a commissioner, to be a competent person under section 14, must have the same qualifications as a competent person appointed under section 38.

Appellee argues that the person required to be appointed by section 14 is a commissioner and not an officer; that such appointee is an officer of the court but not of the municipality, and cites *Kimble* v. *City of Peoria,* 140 Ill. 157, in support of its contention. That case arose prior to the enactment of the Local Improvement act of 1897, and the court merely stated that commissioners appointed were officers of the court and not employees of the city.

Appellee insists here that the use of the word "officer" in section 39 of the act and "commissioner" in section 14 distinguishes the status of two competent persons to act as commissioners to spread the assessment and one competent person to perform the same function. It may be that a commissioner appointed under section 14 who is not a resident of the municipality might be a fair commissioner. In a city with a population of less than 50,000, where a competent person is appointed by the president of the board of local improvements to exercise the same authority and perform practically the same duties as a commissioner appointed under section 14, the former is required to be an elector of the village where the improvement is sought to be made and must live in the village. It was so decided in the *Lawrenceville case, supra,* where the appointment was made under section 38. It seems unreasonable to assume that the legislature ever intended that an appointment made

under section 14 of a competent person as commissioner would be the appointment of a party who lived in another city or village and never had resided in the place where the improvement was to be made. It seems to us the purpose of the Local Improvement act was to commit the management of the internal affairs of a city or village to its citizens free from the invasion of outside influences, and it seems foreign to the purpose of the act to appoint a commissioner who does not reside in the village. A commissioner appointed under section 14 is paid as a part of the court costs, taxed as other expenses of levying and collecting the special tax. While section 14 is slightly different in its wording from sections 38 and 39 considered in the *Lawrenceville case,* the duties to be performed by the person appointed under each section are the same, and we can see no reason why a commissioner appointed under section 14 may not be a resident of the village making the improvement and a person appointed under sections 38 and 39 must be a resident. To say that the appointee under section 14 was an officer of the court and not of the municipality, but that under sections 38 and 39 the appointee was an officer of the municipality and required to be a resident thereof, would be to make a distinction of the appointees under the two provisions without any reason for distinguishing them.

Having concluded that the appointment of Brazell was not the appointment of a "competent person" and that the county court erred in overruling appellants' objection thereto, we think it unnecessary to decide the other objections.

For the reason given the judgment is reversed.

*Judgment reversed.*