THE VILLAGE OF BLOOMINGDALE, Petitioner-Appellee, *v.* LaSALLE NATIONAL BANK *et al.*, Respondents.—(FRIDOLIN JACOBER *et al.*, Respondents-Objectors-Appellants.)

Second District   No. 78-253

Opinion filed March 22, 1979.—Rehearing denied April 20, 1979.

Irving Goodman, of Chicago, for appellants.

Edward T. Graham, of Glen Ellyn, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The objectors, owners of property in the Village of Bloomingdale, appeal from a judgment in a bench trial confirming a special assessment in the amount of $1,000 for the construction of a sanitary sewer system. They contend that the court erred in finding that their properties received direct benefits since they were approximately one mile distant from the main line of the sewer which constituted the improvement.

■■ Generally, "[p]roperty not abutting on the line of a main sewer may be assessed to the extent of its benefits if it is within the defined limits of a district having the right to drain into the sewer, but some provision must be made securing that right to the property." (*City of Lawrenceville v. Hennessey*, 244 Ill. 464, 469 (1910).) The rationale of the rule is that since special assessments are based solely on the benefit to the assessed property there must either be a present use of the sewer or "an assured future use" which can be enforced. (*City of Lawrenceville v. Hennessey*, 244 Ill. 464, 469 (1910). See also *Harmon v. Village of Arthur*, 309 Ill. 95, 100 (1923); *Catholic Mission Society v. Village of Glen Ellyn*, 339 Ill. App. 565, 571-72 (1950).) However, the burden of proof that the municipality has not provided for the enforceable use is upon the objector after the assessment roll has made a prima facie case. In *Holmes v. City of Harvey*, 324 Ill. 336, 338 (1927), the Illinois Supreme Court stated:

> "The mere location of the property distant from the improvement, without further evidence to overcome the *prima facie* case made by the assessment roll, is not enough to overcome the presumption in favor of the roll. (*Kelly v. City of Chicago, supra*). That the property assessed will not be benefited unless further work is done to connect with the improvement is not a valid objection unless additional legislation by the city will be necessary. *Walker v. City of Chicago*, 202 Ill. 531."

Here, the petitioner placed the roll in evidence and thereby established a prima facie case for the correctness of the assessments. The

proof then offered by the objectors did not support a defense that there was no district created nor enforceable right to future connection. In fact, the witness called by the objectors assumed that the properties would later be served by the system.

The petitioner's expert witness testified that the sewer project was part of a planned development that was currently in progress; that the objectors' properties were within the district served by the proposed sewers and that if they were not included in this special assessment they would be excluded from this sewage district. There was testimony that the completion of the project which would allow the objectors' properties to have access to the main sewer was in the planning stage and would follow immediately upon completion of design and engineering criteria. He further testified that the improvement was part of a planned development which included additional installations to extend the sewage facilities to the objectors' homes. There was evidence that the sewer facility was sized to accept the outflow from all the properties in the area. In his opinion the properties would be increased in value in excess of $1000 each if the improvement were installed.

■■ On this record we must conclude that the objectors have not overcome the prima facie case to show that no district exists or that they had no legally enforceable right to have a direct benefit. We therefore affirm the judgment.

Affirmed.

RECHENMACHER and WOODWARD, JJ., concur.